IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-00464-REB-CBS

(Consolidated with Civil Action Nos. 02-RB-470, 02-RB-482, 02-RB-602, 02-RB-714, 02-RB-2120)

In Re QWEST SAVINGS AND INVESTMENT PLAN ERISA LITIGATION

───────────────────────────────────────────────

[PROPOSED] ORDER PROVIDING FOR COORDINATED DISCOVERY WITH
PARALLEL QWEST LITIGATION

───────────────────────────────────────────────

On January 27, 2005, the Court entered the *Order Providing For Coordinated Discovery With Parallel Qwest Litigation* ("Discovery Coordination Order")[1] in *In re Qwest Communications International, Inc. Securities Litigation*, Civil Action No. 01-RB-1451 (CBS). This ERISA action is a "Coordinated Qwest Action" within the meaning of the Discovery Coordination Order. In addition to the coordination procedure in the Discovery Coordination Order, the Court referenced entry of a separate order in the ERISA case to specify provisions regarding depositions to be taken by ERISA Plaintiffs (Footnote 13, p. 10). Those provisions are as follows:

1    If any of the following witnesses (the "Witnesses") are deposed pursuant to the processes set forth in the Discovery Coordination Order, then at the conclusion of all examination of such witnesses by parties to the other Coordinated Qwest Actions, then (subject

───────────────

[1] This was amended by Minute Order dated February 7, 2005.

to footnote 2 below) the Parties to this ERISA action may question such witnesses on issues unique to this litigation for the limits specified herein[2]:

| DEPONENTS | DEPOSITION LIMIT |
|---|---|
| Linda G. Alvarado | 1.5 hours |
| Philip F. Anschutz | 2 hours |
| Craig R. Barrett | 1.5 hours |
| Scott A. Berman | 7 hours |
| Hank Brown | 2 hours |
| Janet K. Cooper | 7 hours |
| Thomas J. Donohue | 2 hours |
| Mark Evans | 3.5 hours |
| Sean Foley | 3.5 hours |
| Jordan L. Haines | 3.5 hours |
| Cannon Y. Harvey | 1.5 hours |
| Peter S. Hellman | 1.5 hours |
| Tom Henritze | 1.5 hours |
| Vinod Khosla | 1.5 hours |
| Thomas J. Matthews | 5 hours |
| Joseph P. Nacchio | 3.5 hours |
| Marilyn C. Nelson | 1.5 hours |
| Frank Popoff | 3.5 hours |
| Craig D. Slater | 3.5 hours |
| Allan Spies | 5 hours |
| W. Thomas Stephens | 1.5 hours |
| Robin Szeliga | 7 hours |
| Robert Woodruff | 3.5 hours |
| Ian Ziskin | 7 hours |
| Arthur Andersen Representative | 4.5 hours |

2. After the completion of all fact depositions taken pursuant to the processes under the Discovery Coordination Order (subject to any objection or motion) the Parties shall submit a

---

[2] Defendant Robin Szeliga objects to the above-referenced seven hour time limit for her ERISA-specific deposition questioning. Ms. Szeliga retains the right to raise her objection with the Court if the parties confer on the issue, but fail to resolve it by agreement, in connection with efforts to schedule Ms. Szeliga's deposition. Subject to this exception, the Witnesses who are parties to this ERISA action agree to the time limits identified in this order, but the other Witnesses are non-parties and have not yet so agreed.

2

proposed order ("the ERISA Order") with a schedule for remaining discovery in this action including expert disclosures and expert depositions. If any of the witnesses identified in the foregoing paragraph are not deposed pursuant to the processes set forth in the Discovery Coordination Order, such witnesses' deposition may be noticed for mutually acceptable dates in accordance with the schedule set forth in the ERISA Order. The Parties shall attempt to agree upon amounts of additional time beyond the time set forth for each deponent in paragraph 1 above (if any such additional time is necessary) for each such deposition under the ERISA Order.

DATED this 22nd day of June, 2005.

BY THE COURT:

Craig B. Shaffer
U.S. Magistrate Judge

3