A CERTIFIED TRUE COPY
OCT 19 2005
ATTEST
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 19 2005

*RELEASED FOR PUBLICATION* OCT 21 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1715* GREGORY C. LANGHAM
CLERK

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE QWEST COMMUNICATIONS INTERNATIONAL, INC., SECURITIES & "ERISA" LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *ORDER DENYING TRANSFER*

01-CV-01451-REB-CBS
02-CV-00464-REB-CBS

   This litigation currently consists of 22 actions in the District of Colorado, most of which have been consolidated, and one action in the Southern District of Florida, as listed on the attached Schedule A. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Citigroup Global Markets, Inc. f/k/a Salomon Smith Barney Inc., Sandy Weill, Jack Grubman and Arthur Andersen LLP for coordinated or consolidated pretrial proceedings of these actions in the District of Colorado. The two *pro se* plaintiffs in the Southern District of Florida action do not oppose coordination, but object to any consolidation, of their action with the litigation in the District of Colorado. All responding defendants oppose the motion.[1]

   On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Movants have failed to persuade us that any common questions of fact are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which pretrial proceedings have been ongoing in the District of Colorado for over four years and only one action is pending outside that district. Given the more advanced stage of proceedings in the District of Colorado and the limited number of districts involved, alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings, particularly in light of the discovery protocol already in place to coordinate discovery between the District of Colorado actions and related state court litigation. *See, e.g., In re Eli*

---

   [*] Judges Keenan and Miller took no part in the decision of this matter.

   [1] Responding defendants are Philip F. Anschutz, Anschutz Co., Craig D. Slater, Cannon Y. Harvey, Joseph P. Nacchio, Linda G. Alvarado, Craig R. Barrett, Thomas J. Donohue, Jordan L. Haines, Peter S. Hellman, Vinod Khosla, Hank Brown, W. Thomas Stephens, and Frank Popoff.

...
...
...

- 2 -

*Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

FOR THE PANEL:

/s/ Wm. Terrell Hodges

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1719 -- In re Qwest Communications International, Inc., Securities & "ERISA" Litigation</u>

<u>District of Colorado</u>

*New England Health Care Employees Pension Fund v. Qwest Communications International, Inc., et al.*, C.A. No. 1:01-1451
*Stanton Discount Pharmacy, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:01-1472
*Douglass Urquhart, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:01-1527
*Tyler Del Valle Grady, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:01-1616
*Robert Cline, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:01-1799
*David Tanner, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:01-1930
*Herbert S. Cohen Trust v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-333
*Adele Brody, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-374
*Valerie J. Brooks, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-464
*Janice Dudley, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-470
*Rod Coyle, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-482
*Brian Barry v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-507
*James Rooney, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-602
*Laila Abdelnour v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-658
*Paula Smith, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-714
*Stuart Wollman v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-755
*Seymour Tabacoff, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-798
*Mary Stuhr v. Qwest Communications International, Inc., et al.*, C.A. No. 1:02-2120
*Stichting Pensioenfonds ABP v. Qwest Communications International, Inc., et al.*, C.A. No. 1:04-238
*Shriners Hospitals for Children v. Qwest Communications International, Inc., et al.*, C.A. No. 1:04-781
*Teachers' Retirement System of Louisiana v. Qwest Communications International, Inc., et al.*, C.A. No. 1:04-782
*New York City Employees Retirement System, et al. v. Qwest Communications International, Inc., et al.*, C.A. No. 1:04-1964

<u>Southern District of Florida</u>

*William M. Rogers, et al. v. Joseph P. Nacchio, et al.*, C.A. No. 0:05-60667