**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 02-cv-00464-REB-CBS

(Consolidated with Civil Action Nos. 02-RB-470, 02-RB-482, 02-RB-602, 02-RB-714, 02-RB-2120)

In Re QWEST SAVINGS AND INVESTMENT PLAN ERISA LITIGATION

**ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING
CLASS FOR PURPOSES OF SETTLEMENT, APPROVING FORM AND
MANNER OF NOTICE, AND SCHEDULING HEARING ON FAIRNESS
OF SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)**

**Blackburn, J.**

This matter is before me on the **Lead Plaintiffs' Unopposed Motion and Memorandum Seeking Preliminary Approval of Stipulation of Settlement, Order Approving Plan of Notice, Certifying Settlement Class and Scheduling Settlement Hearing** [#383], filed June 8, 2006. No responses have been filed. The motion is granted.

The plaintiffs seek an order (1) preliminarily approving the settlement of the above-captioned action pursuant to the terms and conditions of the Stipulation of Settlement (the "Stipulation"), dated as of April 26, 2006; (2) approving the form of Notice and directing the manner of delivery and publication of the Notice; (3) certifying a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1) for purposes of the Stipulation and the final approval thereof; and (4) scheduling a hearing to consider the fairness of the Stipulation pursuant to Fed. R. Civ. P. 23(e) and to consider the

application for attorneys' fees and expenses by counsel for Lead Plaintiffs pursuant to the common fund doctrine.

Having considered the Stipulation and its exhibits, the plaintiffs' motion, and the pleadings and records on file, and good cause appearing, it is **ORDERED** as follows:

1. To the extent not otherwise defined herein, all capitalized terms shall have the same meanings as used in the Stipulation.

2. The Court has jurisdiction over the Litigation and over all parties to the Litigation, including the Plan, Plan fiduciaries, Settlement Class Members, and all Defendants.

3. The settlement embodied in the Stipulation is hereby **PRELIMINARILY APPROVED** as appearing on its face to be fair, reasonable, and adequate; and to have been the product of serious, informed, and extensive arms-length negotiations among the Parties; and there appearing to have been a genuine controversy between the Parties involving the Defendants' compliance with the fiduciary and other requirements of ERISA.

4. The Court finds that the notices proposed by Lead Plaintiffs (as the Administrative Contractor will format for publication and mailing) are hereby **APPROVED**.  The Notice (the form of which is attached as Exhibit A-1) shall be mailed by first-class mail, postage prepaid, to the last known address of all known Settlement Class Members within 45 days of entry of this Order.  The summary notice (attached as Exhibit A-2) shall be published in The Denver Post, The Rocky Mountain News, and U.S.A. Today or another national publication mutually agreed upon by counsel for Lead Plaintiffs and Defendants within 30 days of the entry of this Order.  Lead Counsel will

ensure that the Notice and summary notice shall be handled in the manner set forth in and required by the Stipulation and shall file an affidavit attesting to the mailing of the Notice and publication of the summary notice with the Court at or before the Settlement Hearing.

5. The form and manner of delivery and publication of the Notice and summary notice directed hereby and in the Stipulation meet the requirements of Fed. R. Civ. P. 23 and due process, constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members.

6. The Court hereby **APPROVES** the maintenance of this Litigation as a class action for purposes of the Stipulation pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1). Specifically, the Court FINDS that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Settlement Class; and (e) the prosecution of separate actions by individual Settlement Class Members would create a risk of (i) inconsistent or varying adjudications with respect to individual Settlement Class Members that would establish incompatible standards of conduct for Defendants or (ii) adjudications with respect to individual Settlement Class Members which would as a practical matter be dispositive of the interests of the other Settlement Class Members. Also for purposes of the proposed Stipulation only, the Court further finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Valerie J. Brooks, Daniel Howard Connors, Janice Dudley, Paula Smith, Cathy Najdek,

Rod Coyle, James Rooney, and Charles Roth have represented and will adequately represent the Settlement Class as "Class Representatives," and are hereby approved as Class Representatives.

7. Accordingly, subject to reconsideration by this Court after the Settlement Hearing, the Litigation is hereby **CERTIFIED** as a class action for purposes of the Stipulation pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1), with the Settlement Class defined as follows:

> All participants in and beneficiaries of the U S WEST Savings Plan/ESOP, the Qwest Communications 401(k) Savings Plan, and the Qwest Savings and Investment Plan ("QSIP") (collectively, the "Plan") who owned, bought, sold, or held shares or units of the Qwest Shares Fund, U S WEST Shares Fund or Qwest Communications International Inc. common stock in their Plan Account, from March 7, 1999 until January 12, 2004 (the "Class Period").

8. The Court appoints as Lead Counsel and Co-Chair Counsel for the Settlement Class the firms of Branstetter, Stranch & Jennings, PLLC and Whatley Drake, L.L.C. Based on the proceedings in this matter to date and the documents on file with the Court, the Court concludes that Lead Counsel has represented and will represent the Settlement Class fairly and adequately. Appointment of the above-named counsel as Lead Counsel is supported by the significant work that Lead Counsel has performed in identifying and investigating the potential claims in this action, the experience of Lead Counsel in handling class actions and ERISA actions, Lead Counsel's knowledge of ERISA, and the resources that Lead Counsel has committed to the prosecution of this Litigation.

9. A Settlement Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby **SCHEDULED** to be held before the Court on **October 27, 2006, at 1:30 p.m.**, in Courtroom A-701 for the following purposes:

**a.** to determine whether the settlement embodied in the proposed Stipulation is fair, reasonable, and adequate and should be approved by the Court;

**b.** to determine finally whether the Litigation satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23(b)(1) for purposes of the Stipulation;

**c.** to determine whether the Stipulation has been negotiated at arms' length by the Lead Plaintiffs and Lead Counsel on behalf of the Plan and the Settlement Class; whether the Lead Plaintiffs have acted independently and whether their interests are consistent with the interests of the Plan and the Settlement Class; and for the Court to determine that the negotiations and consummation of the Stipulation by the Lead Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b);

**d.** to determine whether the Judgment as provided under the Stipulation should be entered and whether the Released Persons and others released in the Stipulation should be released of and from the Released Claims and other released claims, all as provided in the Stipulation;

**e.** to determine whether the provisions in the Stipulation are fair, reasonable and adequate that bar and enjoin (i) Lead Plaintiffs, the Plan,

the Plan's fiduciaries, all Settlement Class Members and any other Parties from instituting or prosecuting, either directly or indirectly, or in a representative capacity, any action in any court or any other forum asserting any Released Claims and other claims released in the Stipulation against any of the Released Persons and any other Persons released in the Stipulation, and (ii) the Parties from instituting or prosecuting, either directly or indirectly, or in a representative capacity, any actions against any Released Person, Defendants' counsel, any Settlement Class Member, Lead Counsel, or Plaintiffs' Counsel based on any Individual Claim Amount, allocation, or distribution made or not made pursuant to the Plan of Allocation, in accordance with the terms of the Stipulation;

**f.** to determine whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court;

**g.** to determine whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses pursuant to the common fund doctrine is fair, reasonable, and adequate and should be approved by the Court;

**h.** to consider the Lead Plaintiffs' applications for awards of case contribution compensation in the amount of $10,000 each; and

**i.** to rule upon such other matters as the Stipulation contemplates and as the Court may deem just and proper.

10.  Any application by Lead Counsel for attorneys' fees and reimbursement of expenses, and all papers in support thereof, shall be filed with the Court and served on all counsel of record no fewer than 21 days before the Settlement Hearing.

11.  The Court having determined that this action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1) for purposes of the Stipulation, Settlement Class Members shall be bound by any judgment in this action, subject to the Court's final determination at the Settlement Hearing as to whether this action may so proceed.

12.  The Court shall consider comments or objections to the certification of the Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(1), the Settlement, the Plan of Allocation, the award of attorneys' fees and reimbursement of expenses, and Lead Plaintiffs' Case Contribution Compensation at the Settlement Hearing, but only if such comments or objections and any supporting papers are filed with the Clerk of the Court, United States District Court for the District of Colorado, at the address set forth below, no fewer than 14 days before the Settlement Hearing, and by the same date, copies of all such papers are served on the following:

| Court | Class Counsel | Defense Counsel - Qwest |
|---|---|---|
| Clerk of the Court<br>District of Colorado<br>U.S. Courthouse<br>901 19th Street<br>Denver, CO 80294 | Jane B. Stranch<br>Branstetter, Stranch &<br>   Jennings, PLLC<br>227 Second Avenue<br>North 4th Floor<br>Nashville, TN 37201-1631<br><br>Glen Connor<br>Whatley Drake, LLC<br>2323 2nd Ave. N.<br>P.O. Box 10647<br>Birmingham, AL 35202 | Sherwin S. Kaplan<br>Thelen Reid & Priest LLP<br>701 Eighth Street, N.W.<br>Washington, DC  20001<br><br>**Defense Counsel -<br>Deutsche Bank**<br>Paul J. Ondrasik, Jr.<br>Steptoe & Johnson LLP<br>1330 Connecticut Ave., N.W.<br>Washington, DC 20036 |

13.  Written objections must provide a detailed statement of the objector's specific objections to any matter before the Court and all the grounds therefor, and must include all documents such person wishes the Court to consider.

14.  Attendance at the hearing is not necessary.  However, persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, the requests for attorneys' fees and reimbursement of expenses, or the request for a compensation payment to the Lead Plaintiffs must state in their written objection(s) their intention to appear at the hearing.  Such persons must identify in their written objection(s) the names of any witness they may call to testify and any exhibits they intend to introduce into the evidence at the Settlement Hearing.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Stipulation.

15.  No person shall be entitled to object to the proposed Stipulation, to Final Settlement Approval to be entered in this Litigation, to any award of attorneys' fees or expenses, or otherwise to be heard, except by filing and serving written objections (and, if such person wishes to be heard at the Settlement Hearing, a written notice of intention to appear) in the form and manner, and by the date, required by the Notice.  Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall forever be barred from raising such objections in this or any other action or proceeding.

16.  Pending final determination of whether the Stipulation should be approved, the Parties, all Settlement Class Members, the Plan, and the Plan's fiduciaries are each hereby **BARRED AND ENJOINED** from instituting or prosecuting any action that

asserts any Released Claim or any other claim that is released in the Stipulation against any Released Persons or any other person released in the Stipulation.

17.  If the Stipulation is terminated pursuant to the provisions thereof, this Order shall be null, void, and of no further force or effect, and each party to the Stipulation shall be restored to his, her, or its respective position as it existed prior to the execution of the Stipulation.

18.  The Court hereby retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

19.  All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the Stipulation or comply with the terms of the Stipulation.

Dated July 25, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**