**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Robert E. Blackburn, Judge**

Civil Action No. 02-cv-00464-REB-PAC
(Consolidated with Civil Action Nos. 02-RB-470, 02-RB-482, 02-RB-602, 02-RB-714, 02-RB-2120)

In Re QWEST SAVINGS AND INVESTMENT PLAN ERISA LITIGATION

This Document Relates To: All Actions

---

# ORDER AWARDING ATTORNEY FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

---

**Blackburn, J.**

This matter is before me on **Lead Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses** [#412], filed October 27, 2006. Lead Counsel seeks an award of $9,750,000.00 for attorney fees and $507,880.31for litigation expenses. In addition, Lead Counsel asks that Metlife, the former record keeper for the ERISA Plan at issue in this case, be awarded $289,000.00 for computer services provided by Metlife in relation to this case. A stipulation concerning the award to Metlife was approved by the court in an order [#159], filed May 16, 2004. Finally, lead counsel seeks compensation for the plaintiffs who acted as class representatives in this case. They ask that each lead plaintiff be awarded $10,000.00 for his or her Case Contribution.

## A. JURISDICTION

I have subject matter jurisdiction under 29 U.S.C. § 1132(e)(1), part of the Employee Retirement Income and Security Act (ERISA); 29 U.S.C. §§ 1001 - 1461; and 28 U.S.C. § 1331.

## B. BACKGROUND

To the extent not otherwise defined herein, all terms used in this order shall have the same meanings as used in the Stipulation of Settlement, dated April 26, 2006, (the "Stipulation" or "Settlement"). The Stipulation is Attachment 1a to the *Lead Plaintiffs' Unopposed Motion and Memorandum Seeking Preliminary Approval of Stipulation of Settlement, Order Approving Plan of Notice, Certifying Settlement Class and Scheduling Settlement Hearing* [#383], filed June 8, 2006.

The Settlement provides for payments by certain defendants to the ERISA plan that is the subject of this litigation. Defendant Qwest Communications International, Inc., will pay 33 million dollars to the Plan. Defendant Deutsche Bank will pay 4.5 million dollars to the Plan. These two payments will create a fund of 37.5 million dollars. Further, the Settlement guarantees that, under specified circumstances, the Plan also will receive a minimum of 20 million dollars from the partial settlement of a related securities fraud action, ***In re Qwest Securities Litigation***, 01-cv-01451 (D. Colo. 2006). With this payment, the fund paid to the Plan will total at least 57.5 million dollars. Lead Counsel's request for an award of 9,750,000.00 dollars in attorney fees amounts to 26 percent of 37.5 million dollars, and just under 17 percent of 57.5 million dollars.

## C. STANDARD OF REVIEW

The law in the Tenth Circuit requires that I consider a number of factors when determining an appropriate attorney fees award in a class action case. In determining reasonable attorney fee awards, "federal courts have relied heavily on the factors articulated by the Fifth Circuit in ***Johnson v. Georgia Highway Express, Inc.***, 488 F.2d 714 (5th Cir. 1974)." ***Brown v. Phillips Petroleum Co.***, 838 F.2d 451, 454 (10th Cir. 1988). ***Johnson*** was a statutory fee case. In ***Brown***, the Tenth Circuit concluded that the

***Johnson*** factors were applicable in a common fund case, a case in which attorney fees are paid from a common fund established for the benefit of the plaintiff class. ***Brown***, 838 F.2d at 454 - 455. The touchstone in both types of cases is reasonableness.

Lead Counsel has outlined and analyzed the relevant factors, as they apply to this case, in their motion for an award of attorney fees and expenses [#412]. I have considered all papers filed and proceedings conducted herein, I have found the settlement of this action to be fair, reasonable, and adequate, and I otherwise am fully informed in the premises. I find and conclude that the requested award of attorney fees, litigation expenses, and Case Contribution awards to the lead plaintiffs are reasonable, based on the arguments advanced, reasons stated, and authorities cited by Lead Counsel in their motion for award of attorney fees and expenses [#412], filed October 27, 2006.

**THEREFORE, IT IS ORDERED** as follows:

1. This order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. Lead Counsel is hereby awarded $9,750,000.00 for attorney fees. This award amounts to 26 percent of the settlement fund absent any contribution form the partial settlement of a related securities fraud action, ***In re Qwest Securities Litigation***, 01-cv-01451 (D. Colo. 2006), and 17 percent of the settlement fund once the settlement fund in this case receives the minimum contribution from the partial settlement in ***In re Qwest Securities Litigation***. Considering all of the circumstances of this case, as detailed in Lead Counsel's motion for award of attorney fees, I find that such an award is fair and reasonable.

3. Lead Counsel further is awarded $507,880.31 as reimbursement for reasonable litigation expenses.

4. Lead Counsel further is awarded $289,000.00 in reasonable litigation expenses, which amount lead counsel shall pay to Metlife, the former record keeper for the ERISA Plan at issue in this case, as compensation for computer services provided by Metlife in relation to this case. This award of litigation expenses is made consistent with the stipulation concerning these costs that was approved by the court in an order [#159], filed May 16, 2004.

5. The Lead Plaintiffs, Valerie J. Brooks, Daniel Howard Connors, Janice Dudley, Paula Smith, Cathy Najdek, Rod Coyle, James Rooney, and Charles Roth, are awarded $10,000.00 each for his or her Case Contribution.

6. The amounts awarded in this order shall be paid from the Settlement Fund under the terms set forth in the Stipulation.

7. Lead Counsel shall allocate the award of attorney fees among Plaintiffs' Counsel in the manner in which they, in their sole discretion, believe reflects the contributions of such counsel to the prosecution of this Litigation.

8. Except as otherwise provided herein or in the Stipulation, each Party shall bear his, her or its own fees, expenses, and costs.

Dated January 29, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**